UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANILO CIGOLLEN SOSA, individually
on behalf of himself and others similarly situated,

    Plaintiff,

CASE NO.:

SUNBRIGHT TRANSPORTATION d/b/a
SCHOLASTIC TRANSPORTATION LLC, A
New York Domestic Limited Liability Company,
BIG MIKES AUTO SALES LLC, A New York
Domestic Limited Liability Company, and
FREDY J. CALDERON, individually,

    Defendants.
_____/

**COLLECTIVE/CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, DANILO CIGOLLEN SOSA ("Cigollen Sosa" or "Plaintiff"), on behalf of himself and other "Bus Painter/Repair Technician" employees and former employees similarly situated, by and through undersigned counsel, file this Complaint against Defendants, SUNBRIGHT TRANSPORTATION d/b/a SCHOLASTIC TRANSPORTATION, LLC, A New York Domestic Limited Liability Company ("SUNBRIGHT"), BIG MIKES AUTO SALES LLC, A New York Domestic Limited Liability Company ("BIG MIKES") and FREDY J. CALDERON ("CALDERON"), individually, (collectively "Defendants") and in support thereof states as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of himself and other similarly situated current and former "technician" employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii)

declaratory relief pursuant to 28 U.S.C. §2201.

2. Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former "technician" employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

6. At all times material hereto, Plaintiff, was a resident of Brooklyn, New York.

7. Further at all times material hereto, Plaintiff was a "Bus Painter/Repair Technician" and performed related activities for Defendants in Kings County, New York.

8. At all times material hereto SUNBRIGHT, was and continues to be a transportation company.

9. At all times material hereto SUNBRIGHT, was and continues to be a New York Domestic Limited Liability Company, with its principle place of business located at 8024 Preston Court, Brooklyn, New York 11236.

10. At all times material hereto, BIG MIKES, was and continues to be a vehicle repair facility and tire shop.

11. At all times material hereto, BIG MIKES, was and continues to be a New York Domestic Limited Liability Company, with its principle places of business located at 8014 Preston Court, Brooklyn, New York 11236.

12. At all times material hereto, CALDERON was, and continues to be, an individual resident of New York.

13. At all times material hereto, CALDERON was, and continues to be, the Chief Executive Officer of SUNBRIGHT.

14. At all times material hereto, CALDERON managed and operated SUNBRIGHT on a day-to-day basis.

15. At all times material hereto, CALDERON regularly exercised the authority to hire and fire employees of SUNBRIGHT.

16. At all times material hereto, CALDERON determined the work schedules for the employees of SUNBRIGHT.

17. At all times material hereto, CALDERON controlled the finances and operations of SUNBRIGHT.

18. At all times material hereto, CALDERON was, and continues to be, the Chief Executive Officer of BIG MIKES.

19. At all times material hereto, CALDERON managed and operated BIG MIKES on a day-to-day basis.

20. At all times material hereto, CALDERON regularly exercised the authority to hire and fire employees of BIG MIKES.

21. At all times material hereto, CALDERON determined the work schedules for the employees of BIG MIKES.

22. At all times material hereto, CALDERON controlled the finances and operations of BIG MIKES.

## COVERAGE

23. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

24. At all times material hereto, Plaintiff was an "employee" of each of the Defendants.

25. At all times material hereto, Plaintiff was jointly employed by the Defendants.

26. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

27. Defendant, SUNBRIGHT, was, and continues to be, the "employer" within the meaning of FLSA.

28. Defendant, BIG MIKES, was, and continues to be, the "employer" within the meaning of FLSA.

29. Defendant, CALDERON, was, and continues to be, the "employer" within the meaning of FLSA.

30. At all times material hereto, Defendants were, and continue to be an enterprise "engaged in commerce" within the meaning of the FLSA.

31. At all times material hereto, each Defendant was, and continues to be an enterprise "engaged in commerce" within the meaning of the FLSA.

32. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

33. At all times material hereto, each Defendant was, and continues to be an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA.

34. Based upon information and belief, the annual gross revenue of SUNBRIGHT is and was in excess of $500,000.00 per annum for all relevant time periods.

35. Based upon information and belief, the annual gross revenue of BIG MIKE's is and was in excess of $500,000.00 per annum for all relevant time periods.

36. Based upon information and belief, the combined annual gross revenue of Defendants was in excess of $500,000 per annum for all relevant time periods.

37. The additional persons who may become Plaintiffs in this action are/were employees for Defendants, who held similar positions to Plaintiff, were similarly compensated on an hourly basis who:

   a. worked in excess of forty (40) hours during one or more workweeks during the relevant time periods but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours in a single work week.

38. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

39. At all times material hereto, Defendants had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce, including painting buses, repairing buses, transporting buses, and operating other tools and materials necessary for the work they performed.

40. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because he routinely worked on instrumentalities of commerce through the

course of his regular work with Defendants.

41. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

42. SUNBRIGHT is a company that provides transportation services for residential and commercial customers.

43. BIG MIKES is a vehicle repair facility and tire shop.

44. Plaintiff was employed by Defendants as a non-exempt "technician," at all times relevant hereto.

45. Plaintiff worked in this capacity from approximately December 2019, through May 2021.

46. Throughout the time period in which Plaintiff was employed by Defendants as a technician, Plaintiff's primary duties included painting, detailing and repairing Defendants' motor vehicles.

47. At all times relevant to the claim, Plaintiff was compensated by salary.

48. Plaintiff and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

43. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

44. Defendants have employed and are employing several other individuals as technicians who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiff and the class members companywide.

45. Defendants have violated Title 29 U.S.C. §207 and the NYLL from December 2019 through May 2021, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL; and

   c. Defendants have failed to maintain proper time records as mandated by the FLSA and the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff and the class members were all technicians and performed the same or similar job duties as one another in that they painted and repaired buses for Defendants' residential and commercial customers.

47. Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate, but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

48. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "technicians" are/were paid for overtime hours worked based on their uniform pay policy, applicable to all putative class members herein.

49. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

**All salaried technicians who worked for Defendants within the last three years**

50. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

51. Defendants were aware that Plaintiff was entitled to overtime pay for all overtime hours he worked and that there was no possible exemption applicable to him, because he was paid on an hourly rather than salary basis.

52. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

53. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

54. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

55. Defendants have failed to maintain accurate records of Plaintiff's and the class

members' work hours in accordance with the law.

## CLASS ALLEGATIONS

56. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

57. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

58. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since October 2015, to the entry of judgment in this case (the "Class Period"), who were salaried technicians and have not been paid for hours actually worked as well as overtime wages as required in violation of the New York Labor Law (the "Class").

59. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are thirty (30) or more members of the Class during the Class Period.

60. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

61. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

62. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff

or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All salaried technicians who worked for Defendants within the last six years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

63. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

64. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

65. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendants employed the members of the Class within the meaning of the NYLL;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NYLL;

   e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

  f. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

66. Plaintiff realleges and reavers paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. From at least December 2019, and continuing until approximately May 2021, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

68. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

69. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

70. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

71. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

72. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

73. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW (OVERTIME)

74. Plaintiff, on behalf of himself and the members of the Class, re-alleges and incorporates by reference paragraphs 1 through 65 as if they were set forth again herein.

75. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

76. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them proper compensation for all hours worked each workweek, as well as for overtime compensation at rates no less than one and one-half times the regular rate of pay for each house worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulation.

77. The Defendants' New York Labor Law violations have caused Plaintiff, and the members of the Class, irreparable harm for which there is no adequate remedy at law.

78. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, overtime compensation, reasonable attorneys' fees and costs and disbursements of the action pursuant to New York Labor Law § 663(1).

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
## (BROUGHT ON BEHALF OF PLAINTIFFS AND THE CLASS)

79. Plaintiff realleges and incorporates by reference all allegations in paragraphs 1 through 65 above.

80. Defendants failed to supply Plaintiff and the Class Members with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

81. Specifically, Defendants failed to provide an accurate number of hours worked by Plaintiff and the Class Members because Defendants failed to list the time Plaintiff and the Class worked or their regular rate of pay.

82. Through their knowing or intentional failure to provide Plaintiff and the Class Members with the accurate wage statements required under the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

83. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class Members are entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel

    to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid wages, overtime compensation, penalties, due under the FLSA and the New York Labor Law;

f. An award of statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216 and NYLL;

h. An award of prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 8, 2021.

            Respectfully submitted,

            */s/ Andrew R. Frisch*
            Andrew R. Frisch
            NY Bar No.: 3957115
            Morgan & Morgan, P.A.
            8151 Peters Road, Suite 4000

Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: AFrisch@forthepeople.com

Case 1:21-cv-06799-LDH-RML    Document 1    Filed 12/08/21    Page 15 of 15 PageID #: 15